Steven M. Dailey (SBN 163857)
Jennifer L. Andrews (SBN 222807)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Authorized E-Service Address: irvineintake@KutakRock.com
Email: Steven.dailey@kutakrock.com

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. MOEHLING,<br><br>                Plaintiff,<br><br>        v.<br><br>SELECT PORTFOLIO<br>SERVICING, INC.<br><br>                Defendant. | Case No.  3:26-CV-01399-TWR-VET<br><br>Assigned to:  Hon. Todd W. Robinson<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER]**<br><br>Filed and served concurrently with Request for Judicial Notice and Motion to Strike<br><br>(Federal Rule of Civil Procedure 12(b)(6))<br><br>Date:      August 6, 2026<br>Time:      1:30 p.m.<br>Ctrm.:     14A<br><br>Complaint filed:  March 5, 2026 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 6, 2026, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 14A, of the above-entitled court, located at 333 West Broadway, San Diego, California, Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") will and hereby does move this Court to dismiss the Complaint against it in this case.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

-1-                                    3:26-CV-01399-TWR-VET

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

4926-1454-7358.3

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the ground that the entire Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against SPS. Specifically:

1.      SPS moves to dismiss Plaintiff's Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted.

2.      SPS moves to dismiss Plaintiff's Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's postpetition payments were not discharged in his bankruptcy case.

3.      SPS moves to dismiss Plaintiff's Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff is collaterally estopped from claiming his lender violated the discharge injunction relating to his postpetition payments.

4.      SPS moves to dismiss Plaintiff's First Cause of Action for "Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b)" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) no private right of action is available under the FCRA or CCRAA against a credit furnisher for alleged false credit information, B) Plaintiff has not sufficiently pleaded any unlawful conduct by SPS under the FCRA or CCRAA, and C) Plainiff has not sufficiently pleaded any injury purportedly resulting from an FCRA or CCRAA violation.

5.      SPS moves to dismiss Plaintiff's Second Cause of Action for "Violation of the California Consumer Credit Reporting Agencies Act Cal. Civ. Code § 1785.25(a)" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) no private right of action is available under the FCRA or CCRAA against a credit furnisher for alleged false credit information, B) Plaintiff has not sufficiently pleaded any unlawful conduct by SPS under the FCRA or CCRAA, and

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 2 -                                3:26-CV-01399-TWR-VET

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
4926-1454-7358.3

C) Plainiff has not sufficiently pleaded any injury purportedly resulting from an FCRA or CCRAA violation.

6.    SPS moves to dismiss Plaintiff's Third Cause of Action for "Violation of the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code § 1788 et seq." on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) this claim is time barred to the extent based upon conduct prior to March 5, 2025, B) Plaintiff fails to plead sufficient facts of a violation of the RFDCPA, and C) enforcement of the Deed of Trust does not constitute debt collection under the RFDCPA.

7.    SPS moves to dismiss Plaintiff's Fourth Cause of Action for "Violation of the Fair Real Estate Settlement Procedures Act 12 U.S.C. § 2605" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff has not alleged sufficient facts of a violation of RESPA, B) Plaintiff has not demonstrated recoverable actual damages under RESPA, and C) Plaintiff does not state facts supporting a claim for statutory damages under RESPA.

8.    SPS moves to dismiss Plaintiff's Fifth Cause of Action for "Negligence" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) a negligence claim based on credit reporting is preempted by the FCRA, B) a lender or loan servicer owes no legal duty to a borrower, C) Plaintiff fails to plead a breach of a duty, D) Plaintiff fails to identify any injury, and E) Plaintiff fails to plead legal or proximate cause as to SPS.

9.    SPS moves to dismiss Plaintiff's Sixth Cause of Action for "Defamation" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) a defamation claim based on credit reporting is preempted by the FCRA, B) Plaintiff fails to identify the allegedly defamatory statement, C) Plaintiff has not pleaded facts that the reporting was not true, and D) Plaintiff cannot allege actual malice.

10.    SPS moves to dismiss Plaintiff's Seventh Cause of Action for "Breach of Contract" on the basis that Plaintiff fails to state a claim upon which relief can be

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 3 -                                3:26-CV-01399-TWR-VET

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

4926-1454-7358.3

granted because A) this claim is time barred to the extent based in any alleged conduct prior to March 5, 2022, B) Plaintiff fails to allege breach by SPS with certainty, and C) Plaintiff fails to allege his own performance under the loan.

11.    SPS moves to dismiss Plaintiff's Eighth Cause of Action for "Breach of the Covenant of Good Faith and Fair Dealing" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) this claim is time barred to the extent based in any alleged conduct prior to March 5, 2022, B) Plaintiff fails to allege breach by SPS with certainty, and C) Plaintiff fails to allege his own performance under the loan.

12.    SPS moves to dismiss Plaintiff's Ninth Cause of Action for "Violation of the California Unfair Competition Law Cal. Bus & Prof. Code § 17200 et seq." on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege an unfair, unlawful, or fraudulent practice by SPS, B) Plaintiff fails to plead a valid underlying claim, C) Plaintiff lacks standing to assert a section 17200 claim because Plaintiff cannot allege lost money or property, and D) Plaintiff cannot allege an act of SPS proximately caused any loss.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated:  June 9, 2026                KUTAK ROCK LLP


By: /s/ Steven M. Dailey
    Steven M. Dailey
    Jennifer L. Andrews
    Attorneys for Defendant
    SELECT PORTFOLIO SERVICING, INC.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -                3:26-CV-01399-TWR-VET
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
4926-1454-7358.3

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I caused to be electronically filed the foregoing document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

Dated: June 9, 2026                         **KUTAK ROCK LLP**


By: */s/ Steven M. Dailey*
    Steven M. Dailey
    Attorney for Defendant,
    SELECT PORTFOLIO SERVICING, INC.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

-1-