Steven M. Dailey (SBN 163857)
Jennifer L. Andrews (SBN 222807)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Authorized E-Service Address: irvineintake@KutakRock.com
Email: Steven.dailey@kutakrock.com

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. MOEHLING,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.<br><br>Defendant. | Case No. 3:26-CV-01399-TWR-VET<br><br>Assigned to: Hon. Todd W. Robinson<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(Federal Rule of Civil Procedure 12(b)(6))<br><br>Date: August 6, 2026<br>Time: 1:30 p.m.<br>Ctrm.: 14A<br><br>Complaint filed: March 5, 2026 |

///

///

///

///

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

-1-                          3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

## **TABLE OF CONTENTS**

**Page(s)**

1. INTRODUCTION. ............................................................................................9

2. FACTUAL BACKGROUND. .........................................................................9

    A. Plaintiff Obtained the $484,500 Loan Secured by the Property. ..........9

    B. Plaintiff Filed for Chapter 13 Bankruptcy Relief, Defaulted on his Plan Payments and Received a Discharge. .................................10

    C. The Bankruptcy Court Denied Plaintiff's Motion to Enforce Discharge Injunction. ...................................................................12

3. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ...................................................................................13

4. PLAINTIFF'S POSTPETITION PAYMENTS WERE NOT DISCHARGED IN HIS BANKRUPTCY CASE. .......................................14

5. PLAINTIFF IS COLLATERALLY ESTOPPED FROM CLAIMING HIS LENDER VIOLATED THE DISCHARGE INJUNCTION RELATING TO POST-PETITION PAYMENTS. ......................................15

6. PLAINTIFF'S FIRST CLAIM FOR "VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681S-2(B)," AND SECOND CLAIM FOR "VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT CAL. CIV. CODE § 1785.25(A)," MUST FAIL. ...............................................................17

    A. No Private Right of Action under the FCRA or CCRAA Is Available Against a Credit Furnisher for Alleged False Credit Information. ...............................................................................17

    B. Plaintiff Has Not Sufficiently Pleaded any Unlawful Conduct by SPS Under the FCRA or CCRAA ...........................................18

    C. Plaintiff Has Not Sufficiently Pleaded Injury. ...............................19

7. PLAINTIFF'S THIRD CLAIM FOR "VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788 ET SEQ." MUST FAIL. ...............................................19

    A. This Cause of Action Is Time Barred to the Extent it Is Based Upon Conduct Prior to March 5, 2025. ......................................19

    B. Plaintiff Fails to Identify any Conduct by SPS that Violated Any Portion of the RFDCPA. ...................................................20

    C. Enforcement of a Real Property Lien Is Not Considered "Debt Collection" under the RFDCPA. ...............................................20

8. PLAINTIFF'S FOURTH CLAIM FOR "VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT 12 U.S.C. § 2605," MUST FAIL. ........................................................................21

    A. Plaintiff Has Not Alleged a Violation of RESPA. ...........................21

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

-1-                                3:26-CV-01399-TWR-VET

B.    Plaintiff Has Not Demonstrated Recoverable Actual Damages Under RESPA. ...................................................................21

C.    Plaintiff Does Not State Facts Supporting a Claim for Statutory Damages. ..........................................................................22

9.    PLAINTIFF'S FIFTH CLAIM FOR "NEGLIGENCE," MUST FAIL. .......23

A.    A Negligence Claim Based on Credit Reporting Is Preempted by the FCRA. ..........................................................................23

B.    A Lender or Loan Servicer Owes No Legal Duty to a Borrower. .......23

C.    Plaintiff Fails to Plead any Breach of Any Duty. ...........................24

D.    Plaintiff Fails to Identify Any Injury. ...........................................24

E.    Plaintiff Fails to Plead Legal or Proximate Cause as to SPS. .............24

10.    PLAINTIFF'S SIXTH CLAIM FOR "DEFAMATION," MUST FAIL. ....25

A.    A Defamation Claim Based on Credit Reporting Is Preempted by the FCRA. ..........................................................................25

B.    Plaintiff Fails to Identify the Allegedly Defamatory Statement. .........25

C.    Plaintiff Has Not Pleaded Facts that the Reporting Was Not True. .............................................................................25

D.    Plaintiff Cannot Allege Actual Malice. ........................................26

11.    PLAINTIFF'S SEVENTH CLAIM FOR "BREACH OF CONTRACT," AND EIGHTH CLAIM FOR "BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING," MUST FAIL. ..........................................................................26

A.    This Claim Is Time Barred to the Extent Based on Any Alleged Conduct Prior to March 5, 2022. ..................................................26

B.    Plaintiff Fails to Allege Breach by SPS with Certainty. ....................26

C.    Plaintiff Cannot Allege his Performance Under the Loan. .................27

12.    THE NINTH CLAIM FOR "VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 ET SEQ.," MUST FAIL ..........................................................27

A.    This Claim Based on Credit Reporting Is Preempted by the FCRA. .............................................................................27

B.    Plaintiff Fails to Allege an Unfair, Unlawful, or Fraudulent Practice by SPS ....................................................................28

C.    Plaintiff Fails to Plead a Valid Underlying Claim. ..........................28

D.    Plaintiff Lacks Standing to Assert a Section 17200 Claim Because Plaintiff Cannot Allege Lost "Money or Property". .............28

E.    Plaintiff Cannot Allege an Act of SPS Proximately Caused Any Loss. ...............................................................................29

13.    CONCLUSION. ....................................................................29

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 2 -                                                                    3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. United Financial Mortg. Corp.*,
660 F.Supp.2d 1089 (N.D. Cal. 2009)..................................................................22

*Ann M. v. Pacific Plaza Shopping Center*
(1993) 6 Cal.4th 666 ...........................................................................................24

*Ballistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ..............................................................................13

*Banga v. Experian Information Solutions, Inc.*,
473 Fed.Appx. 699 (9th Cir.2012) ......................................................................19

*Beliveau v. Caras*,
873 F. Supp. 1393 (C.D. Cal. 1995).....................................................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................13

*Berkley v. Dowds*
(2007) 152 Cal.App.4th 518 ...............................................................................24

*Bottoni v. Sallie Mae, Inc.*
(N.D. Cal. Feb. 11, 2011) 2011 WL 635272........................................................17

*Clark v. Countrywide Home Loans, Inc.*,
732 F. Supp. 2d 1038 (E.D. Cal. 2010)................................................................21

*Consolidated World Investments, Inc., v. Lido Preferred Ltd.*,
9 Cal.App.4th p373 (1992)...................................................................................27

*Das v. WMC Mortgage Corp.*
(N.D. Cal. 2012) 2012 WL 1657111 .....................................................................21

*Daum v. Superior Ct., Sutter Cnty.*,
228 Cal.App.2d 283 (Ct. App. 1964) ...................................................................27

*Davidson v. Countrywide Home Loans, Inc.*
(S.D. Cal. Mar. 29, 2011) 2011 WL 1157569.......................................................21

*Demay v. Wells Fargo Home Mortgage, Inc.*,
279 F. Supp. 3d 1004 (N.D. Cal. 2017)................................................................14

*Des Granges v. Crall*,
27 Cal.App.313 (1915).........................................................................................25

*Durell v. Sharp Healthcare*,
183 Cal.App.4th 1350 (2010)...............................................................................28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 3 -                                                    3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

*Fimbres v. Chapel Mortg. Corp.*,
   2009 WL 4163332 (S.D. Cal. Nov. 20, 2009)......................................................18

*Francis v. Dun & Bradstreet, Inc.*
   (1992) 3 Cal.App.4th 535 ...................................................................................25

*Fullmer v. JPMorgan Chase Bank, N.A.*,
   2010 WL 95206 (E.D. Cal. Jan. 6, 2010) ...........................................................22

*Gorman v. Wolpoff & Abramson, LLP*
   (9th Cir. 2009) 584 F.3d 1147 ............................................................................17

*Gorman v. Wolpoff & Abramson*
   (N.D. Cal. 2005) 370 F.Supp.2d 1005.................................................................18

*Hernandez v. Cal. Reconveyance Co.*,
   2009 WL 464462 (E.D. Cal. Feb. 23, 2009) .......................................................20

*Howard v. Blue Ridge Bank*
   (N.D. Cal. 2005) 371 F.Supp.2d 1139.................................................................27

*Ines v. Countrywide Home Loans*,
   2008 WL 4791863 (S.D. Cal. Nov. 3, 2008)........................................................20

*Jenkins v. JPMorgan Chase Bank, N.A.*,
   216 Cal.App.4th 497 (2013) ...............................................................................29

*Khoury v. Maly's of California*
   14 Cal.App.4th 612 (1993) .................................................................................28

*Kipling v. Carrington Mortgage Services, LLC*,
   2021 WL 242968 (S.D. Cal. Jan. 25, 2021) .......................................................16

*Lafferty v Wells Fargo Bank*,
   213 Cal.App.4th 545 (2013) .........................................................................23, 25

*Lal v. Am. Home Serv., Inc.*,
   680 F.Supp.2d 1218 (E.D. Cal. 2010) ................................................................22

*Levy v. State Farm Mutual Auto. Ins.*,
   150 Cal.App.4th 1 (2007) ...................................................................................26

*McGarry v. Univ. of San Diego*
   (2007) 154 Cal. App. 4th 97 ...............................................................................25

*Melican v. Regents of Univ. of Calif.*,
   150 Cal.App.4th 168 (2007) ...............................................................................26

*Morgera v. Countrywide Home Loans, Inc.*,
   2010 WL 160348 (E.D. Cal., Jan. 11, 2010).......................................................20

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -                                    3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

*Mycogen Corp. v. Monsanto Co.*,
  28 Cal.4th 888 (2002) ................................................................................... 17

*Nool v. Homeq Servicing*,
  2009 WL 2905745 (E.D. Cal. 2009) ............................................................. 28

*Nymark v. Heart Fed. Savings & Loan Assoc.*
  (1991) 231 Cal.App.3d 1089 ......................................................................... 23

*Palestini v. Homecomings Financial, LLC*,
  2010 WL 3339459, *12 (S.D. Cal. Aug. 23, 2010) ...................................... 18

*Parklane Hosiery Company, Inc. v. Shore*,
  439 U.S. 322 (1979) ................................................................................ 15, 16

*Pavlovsky v. Board of Trade of San Francisco*,
  171 Cal.App.2d 110 (1959) ........................................................................... 26

*Philipson v. Gulsvig*
  (2007) 154 Cal.App.4th 347 .......................................................................... 24

*Pulver v. Avco Fin. Servs.*
  (1986) 182 Cal. App. 3d 622 ......................................................................... 18

*Robinson v. Managed Accounts Receivables Corp.*,
  654 F.Supp.2d 1051 (C.D. Cal. 2009) ........................................................... 20

*In re Rodriguez*,
  421 B.R. 356 (Bankr. S.D. Tex. 2009) .......................................................... 14

*Roos v. Red*
  (2011) 130 Cal.App.4th 870 ............................................................... 15, 16, 17

*Rosal v. First Fed. Bank of Cal.*,
  2009 U.S. Dist. LEXIS 60400 (N.D. Cal. July, 15, 2009) ............................ 20

*Roybal v. Equifax*,
  405 F.Supp.2d 1177 (E.D. Cal. 2005) ..................................................... 23, 25

*Selby v. Bank of America, Inc.*
  2011 WL 902182 (S.D. Cal. March 14, 2011) ............................................... 22

*Sheen v. Wells Fargo Bank, N.A.*
  (2022) 12 Cal. 5th 905 ................................................................................... 23

*Shepherd v. American Home Mortg. Services, Inc.*
  (E.D. Cal. 2009) 2009 WL 4505925 .............................................................. 23

*Singh v. Wash. Mut. Bank*,
  No. C–09–2771, 2009 WL 2588885 (N.D. Cal. Aug. 19, 2009) .................... 22

Kutak Rock LLP
Attorneys At Law
Irvine

- 5 -

3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

*Sullivan v. JP Morgan Chase Bank, N.A.*,
   725 F.Supp.2d 1087 (E.D. Cal. June 30, 2010)......................................................22

*Trujillo v. First American Registry, Inc.*
   (2007) 732 Cal.App.4th 628 ....................................................................................19

*In re Valdellon*,
   665 B.R. 420 (B.A.P. 9th Cir. 2024) ......................................................................14

*In re Zimmer*,
   313 F.3d 1220 (9th Cir. 2002) ................................................................................14

**Statutes**

11 U.S.C.
   § 105(a).....................................................................................................................12
   § 524(i) ........................................................................................................12, 13, 16
   § 524(a)(2) ................................................................................................................12
   § 1322(b)(2) ..............................................................................................................14
   § 1322(b)(5) ..............................................................................................................11
   § 1328(a) ...................................................................................................................14

12 U.S.C.
   § 2605 .......................................................................................................................21
   § 2605(f) ...................................................................................................................22

15 U.S.C.
   § 1681i ......................................................................................................................19
   § 1681o .....................................................................................................................19
   § 1681s-2 ..................................................................................................................23
   § 1681s-2(a)(1)(A).....................................................................................................17
   § 1681s-2(b) .......................................................................................................17, 18
   § 1681s-2(d)..............................................................................................................17
   § 1785.16 ..................................................................................................................19

Bus. & Prof. Code
   § 17200 ........................................................................................................27, 28, 29
   § 17204 .....................................................................................................................29

Civ. Code
   § 45 ...........................................................................................................................25
   § 1788.30 ..................................................................................................................20

Code Civ. Proc.
   § 337(a), (c) ..............................................................................................................26

3:26-CV-01399-TWR-VET

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

**Other Authorities**

5 Witkin, Summary of Cal. Law (9th ed 1988) Torts ................................................. 25

CACI 400 ..................................................................................................................... 24

Federal Rules of Bankruptcy Procedure
    rule 3002.1(f) ........................................................................................................ 15
    rule 3002.1(g) ....................................................................................................... 15
    rule 3002.1(h) ....................................................................................................... 16

Federal Rules of Civil Procedure
    rule 12(b) .............................................................................................................. 13
    rule 12(b)(6) ............................................................................................... 9, 13, 14
    rule 12(b)(7) ............................................................................................................ 9

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") submits the following in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

## 1.    INTRODUCTION.

Plaintiff STEVEN M. MOEHLING ("Plaintiff") filed this case generally claiming his loan servicer, SPS, did not properly apply payments made during his bankruptcy plan. The judicially noticeable filings in Plaintiff's bankruptcy case, however, show he made his pre-petition Plan payments, but was delinquent on post-petition payments that he was making directly to SPS. Plaintiff did not dispute in his bankruptcy case that he was delinquent on post-petition payments. And Plaintiff's post-petition payments were *not* discharged. Plaintiff recently filed a Motion for Violation of the Discharge Injunction in his bankruptcy case, and that Motion was denied due to the fact that he was delinquent on his post-petition payments. Plaintiff is collaterally estopped from claiming he was not delinquent on his post-petition payments, or that his lender violated the discharge injunction relating to those post-petition arrears. Furthermore, Plaintiff has not alleged facts of any particular payment that was not properly applied to his account, thus he has not sufficiently pleaded his contract claims. The claim for negligence fails absent a legal duty owed by a servicer to its borrower. The claim for a violation of RESPA fails as against SPS, absent any actual damages. Also, he fails to allege sufficient facts of any violation by SPS. The individual claims further fail as addressed herein. SPS respectfully submits the Complaint fails on its face and should be dismissed, without leave to amend.

## 2.    FACTUAL BACKGROUND.

### A.    Plaintiff Obtained the $484,500 Loan Secured by the Property.

Plaintiff owns the real property located at 5420 Old Ranch Rd., Oceanside, California 92057 ("Property"). On September 2, 2005, Plaintiff obtained a loan from

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 8 -                                             3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

Fremont Investment & Loan in the amount of $484,500.00 that was secured by a Deed of Trust recorded on the Property on September 22, 2005 in the San Diego Recorder's Office, Doc. No. 2005-0818446 ("Deed of Trust"). (Deed of Trust, RJN, Ex. "1".) MERS was the original beneficiary of that Deed of Trust. (RJN, Ex. "1".) On April 19, 2011, an Assignment of Deed of Trust was recorded reflecting the Deed of Trust was assigned to Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-FR1 Mortgage Pass-Through Certificates, Series 2006-FR1 ("Wells Fargo, as Trustee"). (RJN, Ex. "2".) SPS is the servicer for Wells Fargo, as Trustee. (Complaint, par. 9.)

### B.    Plaintiff Filed for Chapter 13 Bankruptcy Relief, Defaulted on his Plan Payments and Received a Discharge.

On June 28, 2019, Plaintiff filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of California, Case No. 19-03857-CL13. (Docket, RJN, Ex. "3"; Petition and Schedules, RJN, Ex. "4".) On Plaintiff's Schedules and Statement of Financial Affairs, he indicated that the noteholder maintains a first priority lien on the Property and that as of the date of filing, he was indebted on the loan secured by the Deed of Trust in the amount of $371,954. (*See* Sched. D, RJN, Ex. "4".) Plaintiff's initial plan was conformed then modified. (RJN, Ex. "3"; June 28, 2019 Plan, RJN, Ex. "5".) Under the plan, prepetition mortgage arrears were to be paid by the Trustee and Plaintiff was to continue making regular contractual payments directly to SPS. (RJN, Ex. "5".) Plaintiff fell behind on his payments early in the bankruptcy, with post-petition arrears growing to $8,221.90. (*See* Order on Stipulation Granting Adequate Protection, RJN, Ex. "6".) On April 24, 2020, the bankruptcy court entered an Adequate Protection Order requiring Plaintiff to make all future contractual payments of $1682.19 on the first day of each month beginning May 1, 2020. (Complaint, pars. 10-11; RJN, Ex. "6".) And he was to pay off the post-petition arrears in equal payments of $913.55 each on the 15th day of each month beginning

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 9 -                                  3:26-CV-01399-TWR-VET

4926-1454-7358.3

on May 15, 2020 and continuing through January 1, 2021.  (RJN, Ex. "6".)  The Adequate Protection Order expressly stated that "the acceptance…of a late or partial payment shall not act as a waiver of Movant's right to proceed." (RJN, Ex. "6", p. 2.)

On February 20, 2024, the Chapter 13 Trustee filed a Notice of Final Cure Payment and Completion of Payments Under the Plan ("Cure Notice") reflecting the Prepetition Arrearage had been paid in full. (RJN, Ex. "7".)  In its March 11, 2024 Response to Notice of Final Cure, Wells Fargo, as Trustee, indicated that while the Prepetition Arrearage had been paid in full, there was still an outstanding Postpetition Arrearage of $6,021.17.  (Complaint, par. 18; RJN, Ex. "8".)  Wells Fargo, as Trustee included a Post-Petition Payment History Detail prepared by SPS.  (RJN, Ex. "8".) Plaintiff did not object to the Response to Notice of Final Cure. (RJN, Ex. "3".)

On April 4, 2024, the Court entered the Order of Discharge ("Discharge Order").  (RJN, Ex. "9"; Complaint, par. 21.)  The Discharge Order provides that, among other things, it does not discharge a debtor from certain long-term debt obligations, like those owed to Wells Fargo, as Trustee, pursuant to 11 U.S.C. § 1322(b)(5).  (RJN, Ex. "9".)  On April 29, 2024, the Court entered the Order Approving Account, Discharging Chapter 13 Trustee and Closing Estate, which effectively closed the case. (RJN, Ex. "3"; Complaint, par. 25.)

Plaintiff states on April 4, 2024, he "submitted a written dispute challenging SPS's asserted delinquency." (Complain, par. 22.) He states SPS responded indicating the delinquency was valid. (Complaint, par. 26.)  He states his account transitioned to "standard servicing," and on "April 17, 2024, SPS generated a loss mitigation letter relating to the account." (Complaint, pars. 23-24.)

Plaintiff states on June 28, 2024, he discovered that his credit score had declined following SPS's alleged reporting of delinquency information to Equifax. (Complaint par. 38.) Plaintiff states he subsequently submitted a complaint with the Consumer Financial Protection Bureau, the California Department of Financial

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 10 -                                              3:26-CV-01399-TWR-VET
MEMORANDUM OF POINTS AND AUTHORITIES
4926-1454-7358.3

Protection and innovation and a dispute with Equifax. (Complaint, pars. 29-30.) Plaintiff alleges on July 31, 2024, SPS issued a "written response repeating the delinquency position while copying the regulatory agencies." (Complaint, par. 33.) Plaintiff states he submitted a second dispute to Equifax in 2024 and SPS verified the delinquency information as accurate. (Complaint, pars. 35-36.) Plaintiff states on December 18, 2024, he "sent a written Notice of Error and Request for Information…disputing the asserted delinquency and requesting information.' (Complaint, par. 38.) He states he received an acknowledgement of that correspondence, then he received March 5, 2025-response indicating his correspondence had been incorrectly routed, and reaffirming the prior delinquency determination." (Complaint, par. 39-42.) Plaintiff states in September 2025, SPS issued a written response to his regulatory complaint, reaffirming the closure of the dispute. (Complaint, par. 44.)

### C.   The Bankruptcy Court Denied Plaintiff's Motion to Enforce Discharge Injunction.

On November 18, 2025, Plaintiff filed a Motion to Enforce Discharge Injunction Under 11 U.S.C. §§ 524(a)(2) § 524(i) and 105(a), essentially claiming that SPS and Wells Fargo, as Trustee, misapplied post-confirmation plan payments. (RJN, Ex. "10".) On December 9, 2025, Wells Fargo, as Trustee, filed an Opposition to Debtor's Motion to enforce Discharge Injunction and a Request for Judicial Notice. (RJN, Exs. "11", "12".) On February 23, 2026, Wells Fargo, as Trustee filed a Supplemental Brief in Opposition, and a Declaration in Support. (RJN, Exs. "13", "14".) The Declaration contained an accounting of Debtor's mortgage payments showing he defaulted on his obligations. (RJN, Ex. "14".)

On March 25, 2026, the Court entered an order denying Plaintiff's Motion to Enforce the Discharge Injunction. (RJN, Ex. "15".) The Court found, in part, that the "payments at issue are non-dischargeable post-petition debts not subject to the discharge injunction." (RJN, Ex. "15".) The Court also found that the safe harbor

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 11 -                          3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

provision of § 524(i) applied because Plaintiff was in default on his payments under his Plan. (RJN, Ex. "15", p. 5.)  The court found Plaintiff "cannot maintain that Creditors violated § 524(a)(2) through § 524(i) because he was in default on payments under the plan." (RJN, Ex. "15", p. 5.)  The court also found that any failure to five notice or issue warnings did not constitute a waiver of default.  (RJN, Ex. "15", p. 5.)  The court stated "Consequently, he has not met his burden of showing by clear and convincing evidence that Creditors Wells Fargo Bank, SPS, and Counsel Kutak Rock LLP willfully violated the discharge injunction." (RJN, Ex. "15", p. 5.)

**3.    THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. . .

> (6)  failure to state a claim upon which relief can be granted,. . .
>
> A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint.  The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. (*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).) Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. (*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).)  A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face."  (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 12 -                                    3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

Plaintiff has not alleged sufficient facts supporting any particular claim for relief, subjecting the Complaint to dismissal for failure to state a claim under Rule 12(b)(6).

### 4. PLAINTIFF'S POSTPETITION PAYMENTS WERE NOT DISCHARGED IN HIS BANKRUPTCY CASE.

Plaintiff alleges that his mortgage loan "account…should have been treated as current upon discharge and administrative closure on April 29, 2024." (Complaint, par. 48.)  Plaintiff is incorrect.

Long-term debts, like those owed to a mortgage noteholder, are nondischargeable.  In general, "[m]ortgage-related debts are generally non-dischargeable under Chapter 13 because Chapter 13 bankruptcy plans cannot modify any claims secured by a debtor's principal residence."  (*See Demay v. Wells Fargo Home Mortgage, Inc.*, 279 F. Supp. 3d 1004, 1009 (N.D. Cal. 2017) (citing 11 U.S.C. § 1322(b)(2); *In re Zimmer*, 313 F.3d 1220, 1222 (9th Cir. 2002); *In re Rodriguez*, 421 B.R. 356, 364 (Bankr. S.D. Tex. 2009) ("[C]laims held by home mortgage lenders are not discharged at the conclusion of a successful chapter 13 bankruptcy case.")) Further, a discharge under 11 U.S.C. § 1328(a) is granted only after there is a finding the debtor has completed its payments under the plan per Bankruptcy Rules 3002 and 5009.  Such discharge orders equate to a finding that all payments have been made.  (*See In re Valdellon,* 665 B.R. 420, 432 (B.A.P. 9th Cir. 2024).)

In this case, under Plaintiff's Plan, prepetition mortgage arrears were to be paid by the Trustee and Plaintiff was to continue making regular contractual payments directly to SPS. (RJN, Ex. "5".)  Plaintiff fell behind on his payments early in the bankruptcy, with post-petition arrears growing to $8,221.90. (*See* Order on Stipulation Granting Adequate Protection, RJN, Ex. "6".)  On April 24, 2020, the bankruptcy court entered an Adequate Protection Order requiring Plaintiff to make all future contractual payments of $1682.19 on the first day of each month beginning May 1, 2020. (Complaint, pars. 10-11; RJN, Ex. "6".)  Plaintiff was to pay off the post-petition arrears in equal payments of $913.55 each on the 15th day of each month

Kutak Rock LLP
Attorneys At Law
Irvine

- 13 -                                     3:26-CV-01399-TWR-VET
MEMORANDUM OF POINTS AND AUTHORITIES
4926-1454-7358.3

beginning on May 15, 2020 and continuing through January 1, 2021. (RJN, Ex. "6".) The Adequate Protection Order expressly stated that "the acceptance…of a late or partial payment shall not act as a waiver of Movant's right to proceed." (RJN, Ex. "6", p. 2.) On February 20, 2024, the Chapter 13 Trustee filed the Cure Notice, reflecting the Prepetition Arrearage had been paid in full. (RJN, Ex. "7".) In its March 11, 2024 Response to Notice of Final Cure, Wells Fargo, as Trustee, indicated that while the Prepetition Arrearage had been paid in full, there was still an outstanding Postpetition Arrearage of $6,021.17. (Complaint, par. 18; RJN, Ex. "8".) Plaintiff did not object to the Response to Notice of Final Cure. (RJN, Ex. "3".) No discharge was granted with respect to the non-arrearage debt owed to Wells Fargo, as Trustee. Thus, Plaintiff is incorrect that his account should have been deemed current at the point of his discharge.

## 5. PLAINTIFF IS COLLATERALLY ESTOPPED FROM CLAIMING HIS LENDER VIOLATED THE DISCHARGE INJUNCTION RELATING TO POST-PETITION PAYMENTS.

Collateral estoppel is where an issue "necessarily decided in prior litigation may be conclusively determined as against the parties or their privies in a subsequent lawsuit on a different cause of action." (*Roos v. Red* (2011) 130 Cal.App.4th 870, 879 (bankruptcy debtor was collaterally estopped from disputing liability in a civil wrongful death action where a bankruptcy court precluded motorist from contesting liability at a dischargeability hearing).) Also, the party against whom the earlier issue is litigated must have had a "full and fair" opportunity to litigate the issue. (*Parklane Hosiery Company, Inc. v. Shore*, 439 U.S. 322, 332–333 (1979).)

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the trustee in Plaintiff's bankruptcy case filed the Cure Notice regarding completion of plan payments. (RJN, Ex. "7".) On March 11, 2024, pursuant to Fed. R. Bankr. P. 3002.1(g), Wells Fargo, as Trustee, filed its Response to Notice of Final Cure. (RJN, Ex. "8".) In that Response, Wells Fargo, as Trustee, indicated that while the

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 14 -                                                3:26-CV-01399-TWR-VET
MEMORANDUM OF POINTS AND AUTHORITIES
4926-1454-7358.3

Prepetition Arrearage had been paid in full, there was still an outstanding Postpetition Arrearage of $6,021.17. (RJN, Ex. "8".) Wells Fargo, as Trustee included a Post-Petition Payment History Detail prepared by SPS. (RJN, Ex. "8".) Under Rule 3002.1(h), if Plaintiff sought to object to Wells Fargo, as Trustee's Response, he had 21 days to request a hearing. Plaintiff did not file any objection to SunTrust's Response. (RJN, Ex. "3".) The bankruptcy case subsequently closed with a discharge. (RJN, Ex. "9".) Also, on March 25, 2026, the bankruptcy court entered an order denying Plaintiff's Motion to Enforce the Discharge Injunction. (RJN, Ex. "15".) The Court found, in part, that the "payments at issue are non-dischargeable post-petition debts not subject to the discharge injunction." (RJN, Ex. "15".) The Court found that the safe harbor provision of § 524(i) applied because Plaintiff was in default on his payments under his Plan. (RJN, Ex. "15", p. 5.)

In *Kipling v. Carrington Mortgage Services, LLC,* 2021 WL 242968 (S.D. Cal. Jan. 25, 2021) a Plaintiff's failure to object to a Response to Notice of Final Cure Payment judicially estopped him from asserting a cause of action relating to mortgage payments made pursuant to his plan. The Court stated his non-objection to the Response to Notice of Final Cure Payment "means that Plaintiff was aware of the potentially incorrect past due payments during the duration of his bankruptcy proceedings." (*Id*. at *4.) He received the benefit of a discharge, and could not assert an inconsistent position at a later date. (*Id*. at *4-5.)

Plaintiff here had a "full and fair" opportunity to challenge the issue of whether or not he successfully made post-petition payments, and whether there was a discharge injunction violation relating to the arrears. (*Parklane Hosiery,* 439 U.S. at 332–333; *Roos,* 130 Cal.App.4th at 879.) Plaintiff's failure to object, along with the court's motion decision, rendered the issue "necessarily decided in prior litigation" and that issue "may be conclusively determined as against [him]…in a subsequent lawsuit on a different cause of action." (*Roos,* 130 Cal.App.4th at 879.) This collaterally estops Plaintiff from arguing he was current on the loan when the

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 15 -                                                 3:26-CV-01399-TWR-VET
MEMORANDUM OF POINTS AND AUTHORITIES
4926-1454-7358.3

bankruptcy case closed. (*Roos,* 130 Cal.App.4th at 879; *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 896–897 (2002) ("Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'"))

## 6. PLAINTIFF'S FIRST CLAIM FOR "VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b)," AND SECOND CLAIM FOR "VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT CAL. CIV. CODE § 1785.25(a)," MUST FAIL.

Plaintiff alleges on July 10, 2024, SPS submitted a "dispute to Equifax challenging SPS's reported delinquency" and "SPS verified the delinquency information as accurate." (Complaint, pars. 64-67.) Plaintiff alleges he submitted a second dispute to Equifax in October 2024 and "SPS again verified the delinquency information as accurate." (Complaint, pars. 70-73.) Plaintiff claims "SPS's verification ignored its own records, including the Bankruptcy Plan Report and Dkt. 71 accounting discrepancies." (Complaint, par. 75.) Plaintiff also alleges SPS wrongful reported Plaintiff as delinquent to Equifax, purportedly in violation of the California Consumer Credit Reporting Agencies Act, § 1785.25(a) ("CCRAA"). (Complaint, par. 80-85.)

### A. No Private Right of Action under the FCRA or CCRAA Is Available Against a Credit Furnisher for Alleged False Credit Information.

The FCRA provides, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." (15 U.S.C. § 1681s-2(a)(1)(A).) "The FCRA does not provide for a private right of action for alleged violations of this duty." (*Bottoni v. Sallie Mae, Inc.* (N.D. Cal. Feb. 11, 2011) 2011 WL 635272, *15 (citing *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1154; 15 U.S.C. § 1681s-2(d)).) Duties created by subsection (a) are enforceable only by federal or state agencies under the FCRA. (*Bottoni*, 2011 WL 635272, *15.)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 16 -                                3:26-CV-01399-TWR-VET
MEMORANDUM OF POINTS AND AUTHORITIES
4926-1454-7358.3

CCRAA section 1785.31, which provides the private right of action for violation of the CCRAA, "does not extend liability to one who furnishes information to a credit reporting agency." (*Pulver v. Avco Fin. Servs*. (1986) 182 Cal. App. 3d 622, 633.) To the extent Plaintiff alleges SPS furnished inaccurate credit information to a credit reporting agency, the claim fails absent a private right of action under the FCRA and CCRAA.

### B.   Plaintiff Has Not Sufficiently Pleaded any Unlawful Conduct by SPS Under the FCRA or CCRAA

Plaintiff has not pleaded facts to suggest "more than a sheer possibility that a defendant has acted unlawfully." (*Fimbres v. Chapel Mortg. Corp.,* 2009 WL 4163332, *11 (S.D. Cal. Nov. 20, 2009).) Furhermore, in order to support a cause of action, violations under Section 1681s-2(b) must be "willful and negligent." (*Gorman v. Wolpoff & Abramson* (N.D. Cal. 2005) 370 F.Supp.2d 1005, 1012 (citing *Nelson*).) In *Palestini v. Homecomings Financial, LLC*, 2010 WL 3339459, *12 (S.D. Cal. Aug. 23, 2010), the court dismissed a CCCRAA claim stating, "simply alleging that Defendants improperly reported Plaintiffs' default would not cure the defect."

Plaintiff's FCRA and CCRAA claims are based on the contention that he should not have been reported as delinquent due to his bankruptcy discharge, and that a reasonable investigation was not conducted. (Complaint, pars. 70-75.) However, as discussed above, Plaintiff *was* delinquent on his post-petition payments to his lender on this loan, and he did not dispute that prior to discharge. (RJN, Exs. "6"-"9".) His discharge did not act to discharge postpetition payments, as addressed above. The bankruptcy court also denied his Motion to Enforce Discharge Injunction due to the fact that he was delinquent. (RJN, Ex. "15".) Furthermore, Plaintiff does not point to any particular payment that he made that was not applied to his account, or any facts as to an investigation that was not "reasonable". Facts are entirely lacking as to any particular violation of the FCRA or CCRAA, let alone with willful and

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 17 -   3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

negligent conduct.

### C.    Plaintiff Has Not Sufficiently Pleaded Injury.

To establish a negligent violation of § 1681i (FCRA) and § 1785.16 (CCRAA), a plaintiff must prove that he incurred actual damages caused by the alleged violations. (*See Banga v. Experian Information Solutions, Inc.*, 473 Fed.Appx. 699, 700 (9th Cir.2012) ("The district court properly granted summary judgment on Banga's claims for negligent violations under § 1681o of the Act because she failed to raise a triable dispute as to whether defendants' conduct resulted in actual damages").) In *Riese*, 2011 WL 4344590, at *5, the court dismissed a FCRA claim against a furnisher of credit information, in part, because Plaintiff did not allege resulting injury.  Actual damage is also required to state a CCCRAA cause of action. (*Trujillo v. First American Registry, Inc.* (2007) 732 Cal.App.4th 628, 637.)  Plaintiff has not pleaded particular facts as to any alleged injury resulting from a FCRA or CCRAA violation.

### 7.    PLAINTIFF'S THIRD CLAIM FOR "VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788 ET SEQ." MUST FAIL.

Plaintiff alleges SPS "falsely represented the character, amount, or legal status of the alleged debt by asserting that Plaintiff had been delinquent during February 2021 despite having issued a contemporaneous mortgage statement reflecting no past unpaid amounts," it "further misrepresented the amount and status of the alleged delinquency by escalating the reporting severity to 90 days past due following Plaintiff's July 2024 dispute," and "continued collection activity and delinquency reporting. (Complaint, pars. 91-94.)

### A.    This Cause of Action Is Time Barred to the Extent it Is Based Upon Conduct Prior to March 5, 2025.

Plaintiff does not allege any facts of a particular FDCPA or RFDCPA violation by SPS within the one-year limitations period prior to filing this Complaint, and this

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 18 -                                                    3:26-CV-01399-TWR-VET
MEMORANDUM OF POINTS AND AUTHORITIES
4926-1454-7358.3

claim is time barred.  (Civ. Code § 1788.30.)

**B.     Plaintiff Fails to Identify any Conduct by SPS that Violated Any Portion of the RFDCPA.**

Plaintiff must allege "sufficient factual averments show that the claimant may be entitled to some relief." (*Robinson v. Managed Accounts Receivables Corp*.,654 F.Supp.2d 1051, 1058 (C.D. Cal. 2009) (discussing the requisite specificity for pleading a FDCPA claim); *Hernandez v. Cal. Reconveyance Co.,* 2009 WL 464462, at *5 (E.D. Cal. Feb. 23, 2009) (holding that a RFDCPA claim failed because the complaint lacked allegations of harassment or abuse, false or misleading representations of the debt collector's identity, or unfair practices during the process of collecting debt).)   Plaintiff essentially claims he is not delinquent on his loan. However, the judicially noticeable documents from his bankruptcy case reflect his default on postpetition payments.   (RJN, Exs. "6"-"15".)    Furthermore, the bankruptcy court denied his Motion to Enforce the Discharge Injunction finding that Plaintiff was delinquent on his postpetition payments. (RJN, Ex. "15".).   Plaintiff fails to allege any facts of any particular violation by SPS.  (*See Rosal v. First Fed. Bank of Cal*., 2009 U.S. Dist. LEXIS 60400 (N.D. Cal. July, 15, 2009) (dismissing the plaintiff's complaint where it did not allege facts giving rise to the inference that any of the defendants is a debt collector as defined by the RFDCPA nor assert what provisions of the RFDCPA defendants allegedly violated).)

**C.     Enforcement of a Real Property Lien Is Not Considered "Debt Collection" under the RFDCPA.**

Plaintiff's allegations as to SPS's ability to enforce the Deed of Trust do not implicate the RFDCPA. This does not constitute "debt collection".  (*See Ines v. Countrywide Home Loans*, 2008 WL 4791863, *3 (S.D. Cal. Nov. 3, 2008) ("The Court finds that the Complaint arises out of the allegedly unlawful foreclosure on Plaintiff's property pursuant to a deed of trust, which does not fall within the meaning of the RFDCPA or the FDCPA"); *Morgera v. Countrywide Home Loans, Inc*., 2010

Kᴜᴛᴀᴋ Rᴏᴄᴋ LLP
Aᴛᴛᴏʀɴᴇʏs Aᴛ Lᴀᴡ
Iʀᴠɪɴᴇ

WL 160348, at *3 (E.D. Cal., Jan. 11, 2010) ("California courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA" by citing authorities that had concluded that foreclosing pursuant to a deed of trust does not constitute debt collection); *Clark v. Countrywide Home Loans, Inc.,* 732 F. Supp. 2d 1038, 1048 (E.D. Cal. 2010) ("The conduct Plaintiff complains of concerns foreclosure related actions in connection with his residential mortgage. This conduct is not covered by the RFDCPA. For this reason, Plaintiff's RFDCPA claim is subject to dismissal.")) To the extent this cause of action is based on enforcement of the Deed of Trust, it fails.

**8.      PLAINTIFF'S FOURTH CLAIM FOR "VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT 12 U.S.C. § 2605," MUST FAIL.**

Plaintiff alleges he sent SPS a Notice of Error and Request for Information to SPS on December 18 2024, and SPS did not provide a "substantive written response" within 30 days.  (Complaint, pars. 99-104). He also alleges on March 5, 2025, SPS "issued a written response acknowledging that Plaintiff's correspondence had been routed to the incorrect department and reaffirming its prior delinquency determination." (Complaint, par. 105.)

**A.      Plaintiff Has Not Alleged a Violation of RESPA.**

"Plaintiffs' RESPA allegations do not meet 'the minimum threshold in providing [the defendant] with notice of what it is that it allegedly did wrong.'" (*Das v. WMC Mortgage Corp.* (N.D. Cal. 2012) 2012 WL 1657111, *8.)  Plaintiff alleges he sent a Notice of Error and Request for Information to SPS, and while he disagreed with the response, he admits receipt. (Complaint, pars. 99-105.)

**B.      Plaintiff Has Not Demonstrated Recoverable Actual Damages Under RESPA.**

Even if Plaintiff could allege a technical violation, a RESPA cause of action fails absent allegations of "actual damages." (*Davidson v. Countrywide Home Loans,*

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 20 -

3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

*Inc.* (S.D. Cal. Mar. 29, 2011) 2011 WL 1157569, *4.)  The court in *Allen v. United Financial Mortg. Corp.*, 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009) stated "a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." (*See also, Sullivan v. JP Morgan Chase Bank, N.A.,* 725 F.Supp.2d 1087, 1095 (E.D. Cal. June 30, 2010) (finding a failure to respond and the suffering of general damages is insufficient to state a claim under RESPA); *Fullmer v. JPMorgan Chase Bank, N.A.*, 2010 WL 95206, at *6 (E.D. Cal. Jan. 6, 2010) ("A claim of a RESPA violation cannot survive a motion to dismiss when the Plaintiffs do not plead facts showing that the plaintiff suffered actual harm due to Defendants' failure to respond to a [QWR]."); *Singh v. Wash. Mut. Bank*, No. C–09–2771, 2009 WL 2588885, *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim under *Iqbal* where plaintiffs "failed to allege any facts in support of their conclusory allegation that '[a]s a result' of defendants' failure to respond, defendants 'are liable for actual damages, costs, and attorney fees.'")  As to actual damages, a plaintiff must "specify what they are." (*Selby v. Bank of America, Inc*. 2011 WL 902182, *5 (S.D. Cal. March 14, 2011).)  Plaintiff has not alleged any damages suffered due to any purported RESPA violation.

## C.   Plaintiff Does Not State Facts Supporting a Claim for Statutory Damages.

In addition to the lack of actual damages, Plaintiff also does not state a claim for statutory damages, as she has not provided any facts that SPS engaged in a pattern of noncompliance with RESPA.  (*See* 12 U.S.C. § 2605(f); *see also Lal v. Am. Home Serv., Inc.*, 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010); *Durland, supra,* at *4 ("to state a claim for statutory damages, a borrower cannot allege only that the defendant engaged in a pattern of noncompliance with RESPA," but "Without adequate factual support, Plaintiff has failed to state a claim for statutory damages under RESPA."))  Plaintiff has not pleaded any facts of a "pattern or practice of noncompliance" as to SPS.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 21 -                    3:26-CV-01399-TWR-VET
MEMORANDUM OF POINTS AND AUTHORITIES
4926-1454-7358.3

**9.    PLAINTIFF'S FIFTH CLAIM FOR "NEGLIGENCE," MUST FAIL.**

Plaintiff alleges SPS "breached its duty of reasonable case" purportedly owed to Plaintiff by "verifying disputed delinquency information without conducting a reasonable investigation," escalating the reported delinquency severity following Plaintiff's disputes," "failing to mark the account as disputed in its reporting," failing to timely and substantively respond to Plaintiff's written Notice of Error," and "continuing to furnish delinquency information despite documented inconsistencies within its own sericin records." (Complaint, par. 115.)

### A.    A Negligence Claim Based on Credit Reporting Is Preempted by the FCRA.

Plaintiff's negligence claim based on alleged false credit reporting is preempted by the FCRA. (*See Lafferty v Wells Fargo Bank,* 213 Cal.App.4th 545, 550 (2013) (sustaining a demurrer to a negligent credit defamation claim, stating, the FCRA "totally preempts all state common law tort claims against furnishers of credit information arising from conduct regulated by" 15 U.S.C. section 1681s-2.); *Roybal v. Equifax*, 405 F.Supp.2d 1177, 1181 (E.D. Cal. 2005) (the FCRA precludes all "common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit information").)

### B.    A Lender or Loan Servicer Owes No Legal Duty to a Borrower.

In California, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (*Nymark v. Heart Fed. Savings & Loan Assoc.* (1991) 231 Cal.App.3d 1089, 1096.) Moreover, "loan servicers do not owe a duty to the borrowers of the loans they service." (*Shepherd v. American Home Mortg. Services, Inc*. (E.D. Cal. 2009) 2009 WL 4505925, at *2; *Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal. 5th 905, 948 (a loan servicer owes no legal duty to a borrower in the foreclosure alternative process).) Plaintiff has not pleaded a role by SPS beyond that of a lender or servicer. The parties' relationship

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 22 -    3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

is governed by contract.  Absent a legal duty, a negligence claim must fail.

**C.    Plaintiff Fails to Plead any Breach of Any Duty.**

To state a negligence claim, a plaintiff must allege the acts or omissions that are claimed to have constituted the negligence.  (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 527.) Even if SPS had a duty, no breach is pleaded.  This claim appears to essentially be based on the contention that Plaintiff should not have been reported as delinquent due to his bankruptcy discharge. (Complaint, pars. 70-75.) However, as discussed above, Plaintiff *was* delinquent on his post-petition payments to his lender on this loan, and he did not dispute that prior to discharge. (RJN, Exs. "6"-"9".) His discharge did not act to discharge postpetition payments, as addressed above.  The bankruptcy court also denied his Motion to Enforce Discharge Injunction due to the fact that he was delinquent. (RJN, Ex. "15".)  Furthermore, Plaintiff does not point to any particular payment that he made that was not applied to his account, or any facts as to an investigation that was not "reasonable".  Absent sufficient facts of breaching conduct, this claim must fail.

**D.    Plaintiff Fails to Identify Any Injury.**

To recover on a negligence claim, a plaintiff must demonstrate harm.  (*See* CACI 400; *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673.) "Generally speaking, to be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm – not yet realized." (*Philipson v. Gulsvig* (2007) 154 Cal.App.4th 347, 366.)  Plaintiff still owns the Property, and he owes the amounts due on the loan.  The allegations do not suggest any damages, and this cause of action is insufficiently pleaded.

**E.    Plaintiff Fails to Plead Legal or Proximate Cause as to SPS.**

To state a negligence claim, a plaintiff must plead facts sufficient to establish "the breach was a proximate or legal cause of injury suffered by the plaintiff." (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673.)  Plaintiff has not pleaded sufficient facts of any misapplication of payments, or any injury caused by

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 23 -    3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

SPS.

## 10.    PLAINTIFF'S SIXTH CLAIM FOR "DEFAMATION," MUST FAIL.

Plaintiff alleges SPS published purportedly false statements about his credit delinquency to Equifax. (Complaint, par. 119-121.)

### A.    A Defamation Claim Based on Credit Reporting Is Preempted by the FCRA.

Plaintiff's defamation claim based on alleged false credit reporting is preempted by the FCRA. (*See Lafferty, supra* 213 Cal.App.4th at 550; *Roybal, supra,* 405 F.Supp.2d at 1181.)

### B.    Plaintiff Fails to Identify the Allegedly Defamatory Statement.

"A claim for defamation requires proof of a false and unprivileged publication that exposes the plaintiff 'to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.'" (*McGarry v. Univ. of San Diego* (2007) 154 Cal. App. 4th 97, 112, citing Civ. Code § 45.) When pleading the publication of a false and defamatory matter, the exact words should be in the pleading or the publication attached as an exhibit to the complaint. (*Des Granges v. Crall,* 27 Cal.App.313 (1915) (complaint should set out statement verbatim).) Plaintiff generally claims there was incorrect credit reporting suggesting he was current on his loan obligation. The judicially noticeable bankruptcy court documents reflect otherwise. (RJN, Exs. "6"-"15".) Plaintiff fails to allege particular facts of a purportedly defamatory statement by SPS.

### C.    Plaintiff Has Not Pleaded Facts that the Reporting Was Not True.

"Truth of the statements made is a complete defense against civil liability for defamation, regardless of bad faith or malicious purpose. (5 Witkin, Summary of Cal. Law (9th ed 1988) Torts, sect. 494, p. 583.) "A credit report, even one that causes harm, is not defamatory if it is true." (*Francis v. Dun & Bradstreet, Inc.* (1992) 3 Cal.App.4th 535, 540.) The judicially noticeable bankrtupcy documents reflect Plaintiff was not current on his postpetition loan payments. His Motion to Enforce

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 24 -                    3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

Discharge Injunction also reflects his delinquency, and the fact that no discharge injunction has occurred due to SPS's servicing of the loan.  Plaintiff does not allege sufficient facts to suggest he is not in default.

**D.     Plaintiff Cannot Allege Actual Malice.**

Where a statement is made under circumstances giving rise to the defense of privilege, the plaintiff, to state a cause of action for slander, must plead the facts indicating actual malice. (*Pavlovsky v. Board of Trade of San Francisco,* 171 Cal.App.2d 110, 114 (1959).)  Plaintiff does not plead any facts of malice by SPS.

**11.    PLAINTIFF'S SEVENTH CLAIM FOR "BREACH OF CONTRACT," AND EIGHTH CLAIM FOR "BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING," MUST FAIL.**

Plaintiff alleges SPS "breached the loan agreement" or an implied covenant by purportedly "failing to properly credit and apply payments received," and initiating default procedures and assessing fees. (Complaint, pars. 130, 137.)

**A.     This Claim Is Time Barred to the Extent Based on Any Alleged Conduct Prior to March 5, 2022.**

A four-year statute of limitations applies to a written contract or rescission claim.  (*See* Code Civ. Proc. § 337(a), (c).)  To the extent Plaintiff claims SPS "misapplied" any payments, or otherwise breached any contractual provision based on conduct before March 5, 2022, this claim is time barred.

**B.     Plaintiff Fails to Allege Breach by SPS with Certainty.**

The particular acts or omissions allegedly breaching the contract must be pleaded with certainty. (*Melican v. Regents of Univ. of Calif.,* 150 Cal.App.4th 168, 174 (2007).) Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." (*Levy v. State Farm Mutual Auto. Ins.,* 150 Cal.App.4th 1, 5 (2007).)  Plaintiff bases these claims on the contention that he was purportedly not in default on his loan, and some payment(s) were misapplied. Plaintiff glaringly does not allege any parfciular facts as to any payment which was

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 25 -                                3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

not properly applied to the account. As discussed above, Plaintiff was delinquent on his post-petition payments to his lender on this loan, and he did not dispute that prior to discharge. (RJN, Exs. "6"-"9".) His discharge did not act to discharge postpetition payments, as addressed above. The bankruptcy court also denied his Motion to Enforce Discharge Injunction due to the fact that he was delinquent. (RJN, Ex. "15".) Plaintiff fails to allege sufficient facts of a breach of any contractual provision.

### C. Plaintiff Cannot Allege his Performance Under the Loan.

The breach of contract cause and implied covenant causes of action also fail absent Plaintiff's performance of all conditions of the Note and Deed of Trust. (*Consolidated World Investments, Inc., v. Lido Preferred Ltd.*, 9 Cal.App.4th p373, 380 (1992) ("It is elementary a plaintiff suing for breach of contract must prove it has performed all conditions on its part or that it was excused from performance."); *Daum v. Superior Ct., Sutter Cnty*., 228 Cal.App.2d 283, 287 (Ct. App. 1964) ("A plaintiff, however, cannot enforce the defendant's obligation unless the plaintiff has performed the conditions precedent imposed upon him.").) Plaintiff's default on his loan documents precludes him from claiming a breach of those agreements.

### 12. THE NINTH CLAIM FOR "VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 ET SEQ.," MUST FAIL.

Plaintiff claims the alleged statutory violations constitute unlawful, unfair, and/or fraudulent business acts/practices. (Complaint, pars. 142-145.)

### A. This Claim Based on Credit Reporting Is Preempted by the FCRA.

Plaintiff's claim for a violation of Business and Professions Code Sections 17200, et seq., based on alleged false credit reporting, is preempted by the FCRA. (*Howard v. Blue Ridge Bank* (N.D. Cal. 2005) 371 F.Supp.2d 1139, 1143 (finding Section 17200 claims, and other claims stemming from purported inaccurate credit reporting, were preempted by the FCRA).)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES

**B.    Plaintiff Fails to Allege an Unfair, Unlawful, or Fraudulent Practice by SPS**

The Court in *Khoury v. Maly's of California* 14 Cal.App.4th 612, 619 (1993) held a "reasonable particularity" pleading standard applies to a section 17200 claim. Where a plaintiff claims an unfair act or practice, a plaintiff must demonstrate the defendant's "conduct is tethered to an [] underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law." (*Durell v. Sharp Healthcare,* 183 Cal.App.4th 1350, 1366 (2010).) It is not enough to allege the act violates public policy or is immoral, unethical, oppressive or unscrupulous. (*Id*. at 1365.)

Plaintiff fails to sufficiently allege any unfair, deceptive, or unlawful practice with the requisite particularity as to SPS.  Plaintiff was delinquent on his postpetition loan payments, and his discharge did not render his account current.  Plaintiff's statutory claims fail as addressed herein, and he does not plead nay fraud claim.  The Complaint also fails to state a claim under the unfairness prong, as Plaintiff cannot allege any conduct relating to this particular loan obligation offends a public policy tethered to any underlying constitutional, statutory or regulatory provision.  (*Durell,* 183 Cal.App.4th at 1366.)

**C.    Plaintiff Fails to Plead a Valid Underlying Claim.**

"The viability of a claim under California Business and Professions Code sect. 17200, *et seq.*, depends on the viability of an underlying claim of unlawful conduct." (*Nool v. Homeq Servicing,* 2009 WL 2905745, *7 (E.D. Cal. 2009).)  As discussed in this Motion, Plaintiff's unfair business practices claim must fail with the other claims upon which it is based.

**D.    Plaintiff Lacks Standing to Assert a Section 17200 Claim Because Plaintiff Cannot Allege Lost "Money or Property".**

A private person has standing to assert a section 17200 claim only if he or she has (1) "suffered injury in fact," and (2) "lost money or property as a result of such

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 27 -                                              3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3

unfair competition." (Bus. & Prof. Code § 17204.) Here, no lost "money or property" is apparent on the face of the pleading. Plaintiff received the loan proceeds, and the Property has not sold.

### E. Plaintiff Cannot Allege an Act of SPS Proximately Caused Any Loss.

The decision *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal.App.4th 497 (2013), is controlling in which the court upheld a ruling sustaining a demurrer to a claim for a violation of section 17200 finding a plaintiff had to demonstrate a causal link between her economic injury, an impending foreclosure, and the alleged unlawful acts. (*Jenkins*, 216 Cal.App.4th at 522-23.) The court stated Jenkins' injury was due to her own default on her loan, and she could not show any violations had a causal link to her economic injuries. (*Id*.) This is also the case here, as any foreclosure sale would be the result of the default on the loan. Absent injury, this claim must fail.

### 13. CONCLUSION.

SPS respectfully requests this Court grant the Motion to Dismiss without leave to amend.

Dated: June 9, 2026                    KUTAK ROCK LLP

By: */s/ Steven M. Dailey*
   Steven M. Dailey
   Jennifer L. Andrews
   Attorneys for Defendant
   SELECT PORTFOLIO SERVICING, INC.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND AUTHORITIES

4926-1454-7358.3