Steven M. Dailey (SBN 163857)
Jennifer L. Andrews (SBN 222807)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Authorized E-Service Address: irvineintake@KutakRock.com
Email:      Steven.dailey@kutakrock.com

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. MOEHLING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SELECT PORTFOLIO SERVICING, INC.<br><br>　　　　Defendant. | Case No. 3:26-CV-01399-TWR-VET<br><br>Assigned to: Hon. Todd W. Robinson<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>Date:　August 6, 2026<br>Time:　1:30 p.m.<br>Ctrm.:　14A<br><br>Complaint filed: March 5, 2026 |

Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") submits this reply in support of its Motion to Dismiss and Motion to Strike, and in response to Plaintiff's Opposition to Defendant's Motion to Dismiss and Motion to Strike Under rule 12(b)(6) ("Opposition") (Dkt. 16).

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

-1-                                          3:26-CV-01399-TWR-VET

REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

4904-9768-0570.1

## I.    MOTION TO DISMISS

Plaintiff STEVEN M. MOEHLING ("Plaintiff") opposes SPS's Motion to Dismiss with scattered and confusing arguments attempting to challenge the fact that his post-petition payments were not discharged in his bankruptcy case. His request to this Court to revisit accountings and declarations filed in his bankruptcy case is misplaced. The bankruptcy court recently denied his Motion for Violation of the Discharge Injunction, and this case is an improper attempt to side-step that adjudication.  The individual causes of action further fail as addressed in the Motion to Dismiss and herein.

## 1.    PLAINTIFF'S    POSTPETITION    PAYMENTS    WERE    NOT DISCHARGED.

Plaintiff cannot dispute that his post-petition payments were not discharged. On April 24, 2020, the bankruptcy court entered an Adequate Protection Order requiring Plaintiff to make all future contractual payments of $1682.19 on the first day of each month beginning May 1, 2020.  (Complaint, pars. 10-11; RJN, Ex. "6".) Plaintiff was to pay off the post-petition arrears in equal payments of $913.55 each on the 15th day of each month beginning on May 15, 2020 and continuing through January 1, 2021.  (RJN, Ex. "6".)  On February 20, 2024, the Chapter 13 Trustee filed the Cure Notice, reflecting the Prepetition Arrearage had been paid in full. (RJN, Ex. "7".)  In its March 11, 2024 Response to Notice of Final Cure, Wells Fargo, as Trustee, indicated that while the Prepetition Arrearage had been paid in full, there was still an outstanding Postpetition Arrearage of $6,021.17.  (Complaint, par. 18; RJN, Ex. "8".)  Plaintiff did not object to the Response to Notice of Final Cure. (RJN, Ex. "3".) He improperly attempts to appeal or request review of this issue in this separate case.  Plaintiff is incorrect in his allegation that his account should have been deemed current at the point of his discharge.

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

## 2. **PLAINTIFF IS COLLATERALLY ESTOPPED FROM CLAIMING HIS LENDER VIOLATED THE DISCHARGE INJUNCTION RELATING TO POST-PETITION PAYMENTS.**

Plaintiff argues "Collateral Estoppel does not apply because the bankruptcy court's summary order was expressly limited to a narrow payment-application." (Opposition, p. 5.)  He points to the portion of the Order denying his Motion where the Court found the "motion to enforce the discharge injunction is not otherwise required to be brought as an adversary." (Opposition, p. 5.) The fact that the Court did not reopen the case, or require an adversary proceeding, does not mean collateral estoppel is inapplicable. Collateral estoppel is where an issue "necessarily decided in prior litigation may be conclusively determined as against the parties or their privies in a subsequent lawsuit on a different cause of action." (*Roos v. Red* (2011) 130 Cal.App.4th 870, 879.) The issue as to post-petition payments not being discharged was "necessarily decided" by the bankruptcy court. (RJN, Exs. "9", "15".) The Court specifically held "Debtor cannot maintain that Creditors violated § 524(a)(2) through § 524(i) because he was in default on payments under the plan." (RJN, Ex. "15", p. 5.)

Plaintiff in this case argues that there were alleged improprieties in the evidence of his payments in the bankruptcy case or in conjunction with his discharge violation motion (Opposition, pp. 5-6), he argues his failure to object to the response to Notice of Final Cure should be disregarded (Opposition, p. 13), and that the safe harbor of § 524(i) should not have applied (Opposition, pp. 14-15). All of those issues, however, were specifically decided by the bankruptcy court. (RJN, Ex. "15"). Plaintiff attempts to sidestep that Order by filing this case. Any challenge to those issues is properly brought as an appeal.

Plaintiff's causes of action in this case all hinge on his contention that he was not in default at the time of entry of his bankruptcy discharge.  Plaintiff is collaterally estopped from attempting to relitigate that issue in this case.

Kutak Rock LLP
Attorneys At Law
Irvine

- 3 -  3:26-CV-01399-TWR-VET

REPLY IN SUPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

4904-9768-0570.1

## 3. PLAINTIFF'S FCRA AND CCRAA CLAIMS MUST FAIL.

Plaintiff argues that he disputed his reported credit delinquency in June 2024 and "Defendant repeatedly and falsely verified the reporting's accuracy." (Opposition, p. 24.)

First, there is no private right of action under the FCRA or CCRAA available against a credit furnisher, such as SPS, for alleged false credit information. Plaintiff does not address this in his Opposition.

Second, Plaintiff has not sufficiently pleaded unlawful conduct by SPS under the FCRA or CCRAA. Plaintiff bases these claims on the contention that he should not have been reported as delinquent due to his bankruptcy discharge, and that a reasonable investigation was not conducted. (Complaint, pars. 70-75.) However, as the bankruptcy court found, Plaintiff *was* delinquent on his post-petition payments to his lender on this loan, and he did not dispute that prior to discharge. (RJN, Exs. "6"- "9".) His discharge did not discharge postpetition payments. Facts are entirely lacking as to any particular violation of the FCRA or CCRAA, let alone with the requisite willful and negligent conduct.

Third, Plaintiff does not address how he was purportedly injured by an FCRA or CCRAA violation which is required to sufficiently plead these claims pursuant to the authorities in the Motion to Dismiss.

## 4. PLAINTIFF'S RFDCPA CLAIM MUST FAIL.

Plaintiff argues that he pleaded an RFDCPA violation through SPS's enforcement of its Deed of Trust following the post-petition payment delinquency. (Opposition, pp. 20-21.)

First, an RFDCPA claim is time barred. Plaintiff does not allege any facts of a particular RFDCPA violation by SPS within the one-year limitations period prior to filing this Complaint. (Civ. Code § 1788.30.) Plaintiff does not address this in his Opposition.

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -                                3:26-CV-01399-TWR-VET

REPLY IN SUPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

4904-9768-0570.1

Second, Plaintiff fails to identify any conduct violating the RFDCPA. Plaintiff essentially claims he is not delinquent on his loan due to the discharge. The judicially noticeable documents from his bankruptcy case reflect his default on postpetition payments. (RJN, Exs. "6"-"15".) Furthermore, the bankruptcy court denied his Motion to Enforce the Discharge Injunction finding that Plaintiff *was* delinquent on his postpetition payments. (RJN, Ex. "15".)

Third, enforcement of a real property lien is not "debt collection" pursuant to the RFDCPA.

**5.** **PLAINTIFF'S FOURTH CLAIM FOR "VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT 12 U.S.C. § 2605," MUST FAIL.**

Plaintiff argues that he pleaded a RESPA violation through its alleged "failure to conduct the mandatory 'reasonable investigations'." (Opposition, p. 21.) He argues SPS's accounting in the bankruptcy case had discrepancies, and SPS delayed in responding to his Notice of Error and Request for Information. (Opposition, p. 21.)

Plaintiff does not particularly allege a violation of RESPA. Plaintiff alleges he sent a Notice of Error and Request for Information to SPS, and while he disagreed with the response, he admits receipt. (Complaint, pars. 99-105.) He also has not demonstrated recoverable actual damages suffered due to any purported RESPA violation, or any pattern of noncompliance to support statutory damages.

**6.** **PLAINTIFF'S FIFTH CLAIM FOR "NEGLIGENCE," MUST FAIL.**

Plaintiff fails to address the negligence claim in his Opposition. (Opposition, *passim*.) As stated in the Motion to Dismiss, a negligence claim based on credit reporting is preempted by the FCRA, SPS owed no legal duty to Plaintiff and the parties' relationship is governed by contract, Plaintiff fails to plead a breach of a duty, and he fails to plead any injury, let alone injury proximately caused by SPS.

Because the Motion to Dismiss is unopposed as to the negligence claim, the Motion should be granted as to that claim.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 5 - 3:26-CV-01399-TWR-VET

REPLY IN SUPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

4904-9768-0570.1

**7.     PLAINTIFF'S SIXTH CLAIM FOR "DEFAMATION," MUST FAIL.**

Plaintiff fails to address the defamation claim in his Opposition. (Opposition, *passim*.)   As stated in the Motion to Dismiss, Plaintiff's defamation claim fails because it is preempted by the FCRA, Plaintiff fails to identify the allegedly defamatory statement, Plaintiff has not pleaded facts that the reporting was not true, and Plaintiff cannot allege actual malice. Because the Motion to Dismiss is unopposed as to the defamation claim, the Motion should be granted as to that claim.

**8.     PLAINTIFF'S SEVENTH CLAIM FOR "BREACH OF CONTRACT," AND EIGHTH CLAIM FOR "BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING," MUST FAIL.**

Plaintiff argues that SPS committed a "breach" relating to the notice-and-cure obligations. (Opposition, p. 14.)

First, the contract claims are time barred to the extent based on any alleged conduct prior to March 5, 2022. (*See* Code Civ. Proc. § 337(a), (c).)  To the extent Plaintiff claims SPS "misapplied" any payments, or otherwise breached any contractual provision based on conduct before March 5, 2022, this claim is time barred.

Second, Plaintiff fails to allege breach with sufficient facts. Plaintiff was delinquent on his post-petition payments to his lender on this loan, and he did not dispute that prior to discharge. (RJN, Exs. "6"-"9".) His discharge did not act to discharge postpetition payments.  The bankruptcy court also denied his Motion to Enforce Discharge Injunction due to the fact that he was delinquent. (RJN, Ex. "15".) Plaintiff fails to allege sufficient facts of a breach of any contractual provision.

Third, Plaintiff cannot allege his performance under the loan which is fatal to pleading these contract claims.

///

///

///

Kutak Rock LLP
Attorneys At Law
Irvine

- 6 -                                       3:26-CV-01399-TWR-VET

REPLY IN SUPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

4904-9768-0570.1

**9.   THE NINTH CLAIM FOR "VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 ET SEQ.," MUST FAIL.**

Plaintiff fails to address his unfair competition law claim in his Opposition. (Opposition, *passim*.)  As stated in the Motion to Dismiss, this claim based on credit reporting is preempted by the FCRA, Plaintiff fails to allege any unfair, unlawful, or fraudulent practice by SPS, Plaintiff fails to plead a valid underlying claim, Plaintiff lacks standing to assert a section 17200 claim because he cannot allege lost money or property, and Plaintiff fails to allege lost money or property as a result of SPS.

Because the Motion to Dismiss is unopposed as to the unfair competition law cause of action, the Motion should be granted as to that claim.

## II.   MOTION TO STRIKE

Plaintiff does not address the Motion to Strike in his Opposition (Dkt. 16). While he references the Motion to Strike in the Caption, he does not address SPS's Motion that seeks to strike his allegations of punitive damages, emotional distress damages, and attorney's fees under Rule 12(f).

Pursuant to Local Rule 7.1(f)(3)(c), the failure to oppose a motion, "may constitute a consent to the granting of a motion or other request for ruling by the Court."

SPS reiterates that punitive damages should be stricken as Plaintiff fails to specifically allege wrongful conduct amounting to "fraud, malice, or oppression," and Plaintiff fails to allege wrongful conduct by a corporate officer, director or managing agent of SPS.  Emotional distress damages should be stricken because Plaintiff has not alleged that he suffered a physical impact or injury as in *Erlich v. Menezes*, 21 Cal. 4th 543 (1999).  And, the prayer for attorney's fees should be stricken as Plaintiff is *in pro per*.  Under California law, a party representing him or herself in litigation may not recover attorneys' fees.  (*Olsen* v. *Breeze, Inc.,* 48 Cal.App.4th 608, 629 (1996); *Troupe v. Katz,* 11 Cal.4th 274 (1995).)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 7 -                                    3:26-CV-01399-TWR-VET
REPLY IN SUPORT OF MOTION TO DISMISS AND MOTION TO STRIKE
4904-9768-0570.1

SPS respectfully requests this Court grant the Motion to Dismiss and Motion to Strike without leave to amend.

Dated: July 16, 2026            KUTAK ROCK LLP

By: */s/ Steven M. Dailey*
     Steven M. Dailey
     Jennifer L. Andrews
     Attorneys for Defendant
     SELECT PORTFOLIO SERVICING, INC.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 8 -            3:26-CV-01399-TWR-VET

REPLY IN SUPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

4904-9768-0570.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I caused to be electronically filed the foregoing document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

Dated:  July 16, 2026                    KUTAK ROCK LLP


By: */s/ Steven M. Dailey*
    Steven M. Dailey
    Jennifer L. Andrews
    Attorneys for Defendant
    SELECT PORTFOLIO SERVICING,
    INC.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

-1-                          3:26-CV-01399-TWR-VET

MEMORANDUM OF POINTS AND AUTHORITIES

4904-9768-0570.1